IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MARQUISE ROBBINS,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No: 5:14-CV-0095-HL-MSH |
| **LARRY JORDAN, et. al.** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

Plaintiff **Marquise Robbins**, an inmate currently confined at Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. After construing all allegations in the Complaint liberally and in the light most favorable to Plaintiff, the Court finds that Plaintiff's allegations fail to state a claim upon which relief may be granted. Plaintiff's Complaint is accordingly **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's Motion to proceed *in forma pauperis* is **GRANTED** only for the purpose of dismissal.

## STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). ). A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the

court finds that the complaint – when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915A(b).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive a preliminary review, a complaint must "raise the right to relief above the speculative level" by alleging specific facts and creating "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. *See Twombly*, 550 U.S. at 555-56.

**ANALYSIS OF CLAIMS**

Plaintiff Marquise Robbins filed this action against Deputy Warden Larry Jordan, Deputy Warden T. Jefferson, Unit Manager Rodney Smith, and Officer Gary Harden alleging violations of the United States Constitution; the Clean Air Act; and O.C.G.A. § 12-5-57. Although the caption of the Complaint lists the names of three other *pro se* prisoners, only those claims brought by Marquise Robbins will be considered in this action, as he is the only prisoner who signed the Complaint and moved for leave to proceed *in forma pauperis*. Even if the other inmates were to

meet these procedural requirements, *pro se* prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit. *See Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001). Each prisoner is required to file his own lawsuit and pay his own filing fee. *Id.* Plaintiff likewise lacks standing to bring any claims on behalf of these other inmates. *See Granite State Outdoor Adver., Inc. v. City of Clearwater, Fla.*, 351 F.3d 1112, 1116 (11th Cir. 2003) ("a party generally may assert only his or her own rights and cannot raise the claims of third parties not before the court"). Therefore any claims brought by (or on behalf of) **Marcus Antonio Warner**, **Rodrick Ellis**, and **Ninja Hassan Wheele**r are **DISMISSED** without prejudice.

Plaintiff's claims arise out of the conditions of his confinement at Baldwin State Prison and incidents occurring there on October 28, 2013, and February 5, 2014. On both occasions, an inmate started a fire in his cell. The Complaint alleges that Defendants failed to protect Plaintiff from the serious danger posed by the other inmate, a "known fire starter," on February 5, 2014. This other inmate allegedly warned Unit Manager Smith and Officer Harden that he would start a fire in his cell if he was not given his medication. Smith and Harden allegedly heard and ignored this warning, which then prompted the inmate to start a fire in his cell. Plaintiff claims that he was confined two cells away and "gaged and choked" in the smoke for fifteen minutes before he finally lost consciousness. An officer eventually helped Plaintiff out of the building; but officers outside denied him medical care. According to Plaintiff, "both Deputy Wardens" (presumably Jordan and Jefferson) also knew (or should have known) of the serious danger posed by this inmate, because he had started a similar fire on October 28, 2013.

The Complaint further alleges that Defendants exposed Plaintiff to an "unreasonable risk of serious harm" and deprived him of "a basic human need" through the "lack of fire safety"

equipment provided in his dormitory. Plaintiff alleges that his dormitory does not have cell doors that can be remotely unlocked (to allow for rapid evacuations), smoke detectors, fire extinguishers, or fire alarms. Plaintiff filed a grievance in regards to this on October 29, 2013, alleging an Eighth Amendment claim based on the alleged lack of fire safety equipment available during the fire set by the same inmate on October 28, 2013. *See* Compl. (Doc. 1) at p. 3-4, Ex. A (Doc. 1-1). That grievance was denied; Plaintiff filed an appeal in December of 2013, and received a response to that appeal on January 8, 2014. *See id.*

Plaintiff has now attempted to bring claims for violations of the Eighth and Fourteenth Amendments, the Clean Air Act, and O.C.G.A. § 12-9-57.

    A.   <u>Section 1983 Claims</u>

Plaintiff has first attempted to state Eighth and Fourteenth Amendment claims against Defendants, under 42 U.S. C. § 1983, based on the events on February 5, 2014. Federal law, however, precludes an action from being "brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e(a)*; Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). This generally requires that a state prisoner file an administrative grievance and receive a ruling on the grievance before initiating a § 1983 action. *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000).

Here, Plaintiff's Complaint shows that he filed a grievance on October 29, 2013, based on the alleged lack of fire safety equipment in his dormitory. *See* Complaint (Doc. 1) at p. 3-4, Exhibit A (Doc. 1-1). That grievance was denied; Plaintiff appealed the denial of that grievance in December of 2013, and received a response to the appeal on January 8, 2014. *See id.* This entire grievance process, however, was completed *prior* to fire on February 5, 2014. Plaintiff does not

show that he filed any grievance complaining of a failure to protect or of a denial of medical care after the fire occurring on February 5, 2014. His prior grievance "obviously cannot exhaust administrative remedies for claims based on events that have not yet occurred." *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1188 (10th Cir. 2004), overruled on other grounds by, *Jones v. Bock*, 549 U.S. 199, 223-24, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)). "Nor does a grievance exhaust administrative remedies for all future complaints of the same general type." *Id.*

Furthermore, it is clear on the face of the Complaint that Plaintiff did not have sufficient time to fully exhaust his administrative remedies as to these claims. Plaintiff filed this action,[1] less than ten days after the fire occurred. This short period of time is simply not sufficient to fully exhaust his administrative remedies. *See e.g., Hazel v. U.S. Federal Bureau of Prisons*, No. 6:10–CV–064, 2010 WL 2346913, at *4 (E.D. Ky. June 10, 2010) (dismissing complaint when prisoner's "administrative remedy exhibits . . . clearly show[ed] that he did not have time enough to exhaust the matter"). Because it is clear on the face of the Complaint that Plaintiff has not yet exhausted his administrative remedies with respect to the claims arising out of the February 5, 2014 fire, these claims are properly dismissed prior to service for lack of exhaustion. *See Jones*, 549 U.S. at 216.

Even if Plaintiff's October 29, 2013, grievance could be considered to have exhausted his claims based on the general absence of fire safety equipment in the dormitory, Plaintiff's current allegations are not sufficient to state an Eighth Amendment deliberate indifference claim against the named defendants. "To establish a defendant's deliberate indifference, the plaintiff has to show that the defendant had (1) subjective knowledge of a risk of serious harm; [and] (2) disregard[ed] ... that risk; (3) by conduct that is more than mere negligence." *Cagle v. Sutherland*,

---

1 Under the "mailbox rule" the Court generally deems a prisoner complaint filed on the date the plaintiff signs the document and delivers it to prison officials for mailing. *See Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993).

334 F.3d 980, 987 (11th Cir. 2003) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (internal quotations omitted). Plaintiff's allegations fail to link any named defendant to this alleged constitutional violation, and instead refer vaguely to omissions of the "prison administration." The Complaint contains no factual allegations to suggest that any of the named defendants were personally involved in the alleged failure to provide fire safety equipment or that any one of the defendants disregarded the risk posed by the absence of this equipment by conduct more than mere negligence. See id.

A due process claim based on the same facts likewise fails. In his "Statement of Claims" (Doc. 1 at p. 17), Plaintiff states that he has brought a "special relationship" claim and a "state created danger" claim under the Due Process Clause of the Fourteenth Amendment. A prisoner may not bring such claims under the notion of substantive due process, when a constitutional amendment "provides an explicit textual source of constitutional protection against" that claim. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Because Plaintiff was incarcerated at the time of all alleged events, the Eighth Amendment clearly provides a source of protection for his claims. *See id; see also, Longoria v. Texas*, 473 F.3d 586, 593 n. 8 (5th Cir. 2006). Plaintiff's due process claims are frivolous.

Plaintiff's § 1983 claims are accordingly **DISMISSED** without prejudice.

B. Claims under the "Clean Air Act"

Plaintiff's "Statement of Claims" also includes a claim for violation of the Clean Air Act, 42 U.S.C. Section 7401, et seq. "Section 7604 the Act permits citizens to commence civil suits . . . against persons who violate either emission standards or limitations promulgated under various sections of the Act or orders issued by the EPA or a state concerning those standards or limitations." *Delaware Valley Citizens Council for Clean Air v. Davis*, 932 F.2d 256, 264 (3d

Cir.1991). The Act does not authorize a private cause of action for damages when a prisoner alleges that he was exposed to contaminants which caused respiratory problems. *Powell v. Lennon*, 914 F.2d 1459, 1462 n. 7 (11th Cir. 1990).

Plaintiff clearly does not seek enforcement of emission standards or limitations as contemplated by the Clean Air Act. Plaintiff instead brings this claim seeking compensatory and punitive damages for injuries allegedly caused by the inhalation of smoke from a fire. Plaintiff's claim is thus frivolous and is **DISMISSED** with prejudice.

C. Claims under O.C.G.A. 12-9-57

Plaintiff's claim under O.C.G.A. § 12-9-57 is frivolous as well. Based on the code section cited, the undersigned presumes that Plaintiff has brought this claim under the Georgia Motor Vehicle Emission Inspection and Maintenance Act, O.C.G.A. 12-9-40 to 12-9-57. This state law does not provide for a private cause of action and is completely irrelevant in this case. This claim is accordingly **DISMISSED** with prejudice.

## CONCLUSION

For these reasons, the Court finds that Plaintiff's Complaint fails to state a claim for relief. The Complaint is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's pending Motion to Appoint Counsel (Doc. 3) is now moot.

**SO ORDERED** this 31st day of March, 2014.

*s/ Hugh Lawson*
HUGH LAWSON, Judge
UNITED STATES DISTRICT COURT

jlr